

**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ROBERT CHRISTIAN WOLF, | CIVIL ACTION NO. 00-CIV-1187 |
| Plaintiff, | |
| v. | |
| JOHN BENNETT RAMSEY & PATRICIA PAUGH RAMSEY, | |
| Defendants. | |

## CONSENT PROTECTIVE ORDER REGARDING DEPOSITION OF NON-PARTY WITNESS, FLEET WHITE, JR.

WHEREAS, Plaintiff, Chris Wolf ("Wolf"), has served a deposition subpoena on non-party witness Fleet White, Jr. ("Mr. White") for a deposition to be conducted in Boulder, Colorado;

WHEREAS, Wolf and the Defendants, for their convenience and to minimize their expense, wish to take Mr. White's deposition in Atlanta, Georgia on January 11, 2002 rather than in Boulder, Colorado;

WHEREAS, Mr. White has a strong desire to maintain the confidentiality of his deposition testimony and any transcription or video recordings of his deposition testimony;

WHEREAS, Mr. White, subject to the terms of this Consent Protective Order and to accommodate the parties, is willing to be deposed in Atlanta, Georgia

ATLANTA:4375494.1

54

on January 11, 2002 at the offices of his counsel, Long Aldridge & Norman LLP, 303 Peachtree Street, Suite 5300, Atlanta, Georgia 30308;

WHEREAS, with the consent of the parties, the Court entered a Stipulation and Protective Order (Docket Entry #35) on May 25, 2001 (the "Stipulation and Protective Order");

WHEREAS, the parties and Mr. White agree to abide by the terms of the Stipulation and Protective Order as modified by this Consent Protective Order;

THEREFORE, the parties and Mr. White stipulate and the Court ORDERS as follows:

1.   Agreement to Abide by Stipulation and Protective Order.

The parties and Mr. White agree that, subject to the terms of this Consent Protective Order, they shall be governed by and act in accordance with the terms of the Stipulation and Protective Order.

2.   Designation of Material or Deposition Testimony as Confidential.

In addition to the grounds for designating material or deposition testimony as "Confidential" pursuant to paragraphs 1 and 2 of the Stipulation and Protective Order, the parties and Mr. White agree that Mr. White may designate any material or testimony he provides in this case as "Confidential" to protect Mr. White from annoyance, embarrassment, oppression, or undue burden or expense as provided in F.R.C.P. 26(c). The parties and Mr. White further agree that in the event Mr.

White designates any portion of his testimony or materials as "Confidential" and any party seeks to challenge such designation by Mr. White, and the parties are unable to resolve a dispute regarding such designation, Mr. White, in seeking a protective order pursuant to the procedures set forth in paragraph 8 of the Stipulation and Protective Order, may seek a protective order on any of the grounds set forth in paragraphs 1 or 2 of the Stipulation and Protective Order as well as any of the grounds set forth in the first sentence of this paragraph 2.

3.   Confidentiality of Videotaped Testimony.

The parties agree that notwithstanding any potential challenges to any confidentiality designations made by Mr. White, the parties shall treat any and all videotaped recordings (and all copies thereof) of Mr. White's deposition testimony as "Confidential" pursuant to the Stipulation and Protective Order and agree that, except as provided herein, they will not challenge the "Confidential" designation of any videotape of Mr. White's deposition testimony and, notwithstanding the provisions of paragraph 5 of the Stipulation and Protective Order, will refrain from disclosing any portion of the original, copy or rebroadcast of any videotape of Mr. White's deposition testimony to any person not described in paragraph 5A, 5B, or 5D of the Stipulation and Protective Order. If, and only if Mr. White participates in a televised interview in which he discusses the issue of culpability for the death of JonBenet Ramsey, in such event, and only in such event, any party to this

ATLANTA:4375494.1

Consent Protective Order may move the Court to unseal Mr. White's videotaped deposition, the moving party bearing the burden of showing that good cause exists to unseal the videotape.

IT IS SO ORDERED, this _____10_____ day of January, 2002.

*[signature]*
Julie E. Carnes, Judge
United States District Court
for the Northern District of Georgia

Consented to by:

*[signature: Darnay Hoffman (by David Balser w/ express permission)]*
Darnay Hoffman
210 W. 70th St.
New York, NY 10023-4363

*Attorney for Plaintiff, Robert Christian Wolf*

*[signature: Evan Altman (by David Balser w/ express permission)]*
Evan M. Altman
590-C Peachtree Dunwoody Road #495
Atlanta, GA 30328

*[signature: Lin Wood (by David Balser w/ express permission)]*
L. Lin Wood
The Equitable Building
100 Peachtree Street, Suite 2140
Atlanta, GA 30303

4


_____  *James C. Rawls (by David Balser w/ express permission)*
James C. Rawls
Powell, Goldstein, Frazer & Murphy LLP
Sixteenth Floor
191 Peachtree Street, N.E.
Atlanta, GA 30303

*Attorneys for Defendants, John Ramsey and Patricia Paugh Ramsey*


_____
David L. Balser
Long Aldridge & Norman LLP
303 Peachtree Street, Suite 5300
Atlanta, GA 30308

*Attorney for Non-Party Witness, Fleet White, Jr.*